CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 07 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY TURNER,<br>    Plaintiff, | Civil Action No. 7:05-cv-00726 |
| v. | **MEMORANDUM OPINION** |
| TIMOTHY BANE, et al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Anthony Turner, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Turner sues Marion Correctional Treatment Center (MCTC) officials for several complaints related to his confinement at that institution from August 2005 to the present. Turner also apparently applies to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(b). Upon review of court records, the court finds that Turner is not entitled to proceed with this civil action, absent prepayment of the filing fee, and that the action must, therefore, be filed for administrative purposes only and dismissed without prejudice under Subsection (g) of §1915.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that Turner has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. Turner v. Carbone, Civil Action No. 7:03-cv-00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720 (W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action

1

7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, Turner cannot file this civil action or any other civil action without prepayment of the $250.00 fee[1] unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

Turner first complains that he is afraid of Officer Bane. Turner alleges that Bane beat him in the face on a past occasion, but that Bane is still assigned to the facility and recently served Tuner two cups of beverage. Turner does not allege facts indicating that Bane's actions in the past caused him any serious physical injury or indicating any imminent danger that Bane will cause Turner serious physical harm in the future. Turner's speculative fear of Bane is insufficient to meet the § 1915(g) standard. Moreover, Turner does not allege that he has informed prison officials of his fear that Bane will physically harm him in the future. Until he has exercised his administrative remedies concerning his believed need for protection, he cannot prove that he is in imminent danger from Bane. See also 42 U.S.C. § 1997e(a).

Second, Turner complains that Warden Osborne and Miss Reynolds (a records officer) interfered with Turner's attempt to appeal an involuntary commitment order entered against him in August 2005. He also complains that Defendant Bench prescribed a medication that causes Turner pain and Dr. Angliker interfered with Turner's Valium prescription. Mr. Hooven is allegedly "starving" Turner, apparently by not providing him with as much food as Turner would prefer. If Turner's course of medical treatment and/or diet are causing him discomfort, he should discuss such matters with his treating health professionals. His current allegations, however, fail to demonstrate any respect that Turner is in imminent danger of suffering serious physical harm from the challenged

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).

2

conditions.

Based on the foregoing, the court cannot find that Turner has satisfied the requirements to proceed under §1915(g) without prepayment of the filing fee. As plaintiff has three "strikes" and has failed to demonstrate any imminent danger of serious physical harm within the meaning of §1915(g), the court must deny Turner's request to proceed in forma pauperis in this action and dismiss his case without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 7th day of December, 2005.

/s/ James C. Turk
Senior United States District Judge

3